UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMIRO MADRIZ-HERNANDEZ,<br><br>Defendant. | Case No. 12-CR-00762-LHK-1<br>Case No. 16-CV-03603-LHK<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

Re: Dkt. Nos. 34, 38 (12-CR-00762-LHK-1)[1]
Re: Dkt. No. 1 (16-CV-03603-LHK)

Before the Court are (1) a motion pursuant to 28 U.S.C. § 2255; and (2) a motion pursuant to 18 U.S.C. § 3582(c)(2), both filed by Defendant Ramiro Madriz-Hernandez ("Defendant"), acting *pro se*. In his § 2255 motion, Defendant seeks to modify his 125-month prison sentence for possession with intent to distribute methamphetamine. Defendant argues that his sentence is no longer valid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In his § 3582(c)(2) motion, Defendant seeks a reduction to his prison sentence on the basis of Amendment 782 to the

---

[1] All docket entries in this Order are to Case No. 12-CR-00762 unless otherwise noted.

1
Case No. 12-CR-00762-LHK-1
Case No. 16-CV-03603-LHK
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(C)(2)

United States Sentencing Guidelines ("U.S.S.G."). Having considered Defendant's motions, the Government's brief in response to Defendant's § 2255 motion, the record in this case, and the relevant law, the Court (1) DENIES Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; and (2) DENIES Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

## I. BACKGROUND

### A. Factual Background

The instant criminal case was initially assigned to U.S. District Judge D. Lowell Jensen. On June 27, 2013, pursuant to a plea agreement, Defendant pled guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326, and one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). *See* ECF Nos. 27, 28. In the plea agreement, which was made pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant agreed "not to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241" and "not to seek relief under 18 U.S.C. § 3582," but reserved the right "to claim that [his] counsel was ineffective in connection with the negotiation of [the plea agreement] or the entry of [his] guilty plea." ECF No. 27 ¶ 5. The plea agreement also noted that "[t]he parties agree that [Defendant is] a Career Offender as set forth in" United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.[2] *Id.* ¶ 7. Judge Jensen accepted Defendant's guilty plea. ECF No. 28.

Prior to sentencing, the presentence investigation report ("PSR") also found that Defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1. ECF No. 29 ("PSR") ¶ 4. Specifically, the PSR determined that Defendant qualified as a career offender based on two prior convictions for possessing controlled substances for sale in violation of California Health & Safety

---

[2] All citations to the United States Sentencing Guidelines in this Order are to the 2012 version of the Guidelines, which was the version in effect when Defendant pled guilty and was sentenced.

2
Case No. 12-CR-00762-LHK-1
Case No. 16-CV-03603-LHK
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(C)(2)

Code § 11351. *Id.* ¶¶ 8, 9, 15. In reaching this determination, the PSR found that these two prior convictions were "drug trafficking offenses," and were therefore "controlled substance offense[s]" under U.S.S.G. § 4B1.2(b). *Id.* ¶ 15. Further, based on Defendant's career offender designation and a three-level reduction for acceptance of responsibility, the PSR calculated an adjusted offense level of 31 for Defendant, which, along with a criminal history category of VI, yielded an advisory guideline range of 188 to 235 months in prison. *Id.*

At the sentencing hearing on September 12, 2013, Judge Jensen agreed that Defendant was a career offender under U.S.S.G. § 4B1.1 because Defendant had "at least two prior drug trafficking offenses." ECF No. 45 at 3. Judge Jensen also observed that Defendant's guideline range was 188 to 235 months. *Id.* at 4. However, the parties agreed that a 125-month prison sentence would be sufficient. *Id.* at 4–5; *see* ECF No. 27 ¶ 8. Thus, Judge Jensen imposed a 125-month sentence on count two (possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)), as well as a 60-month sentence on count one (illegal reentry following deportation in violation of 8 U.S.C. § 1326) to run concurrently with the 125-month sentence on count two. ECF No. 45 at 6, 8–9; ECF No. 31 at 2. Defendant did not appeal.

### B. Procedural History

On May 29, 2015, Defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 34. Because Judge Jensen had retired from the Court in 2014, the instant case was reassigned to the undersigned judge on June 5, 2015. ECF No. 33. Then, on June 27, 2016, Defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 38 ("Mot."). The Court ordered the Government to respond to Defendant's § 2255 motion on July 12, 2016. On August 30, 2016, the Government filed an opposition to Defendant's § 2255 motion. ECF No. 46 ("Opp.").

## II. LEGAL STANDARD

A § 2255 motion to set aside, correct or vacate a sentence of a person in federal custody

3

entitles a prisoner to relief "[i]f the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks and alterations omitted). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *See Howard*, 381 F.3d at 877.

A motion pursuant to 18 U.S.C. § 3582(c)(2) entitles a prisoner to a reduction in his prison sentence if he was "sentenced . . . based on a [Guidelines] sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Thus, "[w]hen the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010).

### III.  DISCUSSION

#### A. Section 2255 Motion

In his § 2255 motion, Defendant asserts that his 125-month prison sentence is no longer valid in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government argues that Defendant's motion should be denied for four independently sufficient reasons: (1) "*Johnson* does not apply to this case"; (2) Defendant "cannot overcome his express waiver of his right to file a collateral challenge to his sentence"; (3)

"*Johnson* is not retroactive to claims under the Sentencing Guidelines"; and (4) Defendant "did not raise his claim in this Court or on appeal and cannot meet the cause-and-prejudice standard." Opp. at 1. As discussed below, the Court agrees with the Government's first argument. Thus, the Court does not address the remainder of the Government's arguments.

In *Johnson*, the United States Supreme Court considered whether the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. As background, the ACCA imposes a fifteen-year minimum prison sentence on anyone who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA provides three definitions for "violent felony," one of which is referred to as the "residual clause." The residual clause states that any felony that "involves conduct that presents a serious potential risk of physical injury to another" is a "violent felony." *Id.* § 924(e)(2)(B)(ii). The United States Supreme Court ultimately held in *Johnson* that the residual clause's definition for a "violent felony" is unconstitutionally vague. 135 S. Ct. at 2563.

Contrary to Defendant's view, *Johnson* has no bearing on Defendant's sentence, and thus is not relevant to the instant case. *Johnson* invalidated the residual clause's definition for a "violent felony." On the contrary, Defendant's sentence was based on Defendant's convictions for "controlled substance offense[s]"—and not violent offenses that would implicate the ACCA's residual clause. Specifically, Defendant's sentence was based on a finding that Defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1. Section 4B1.1 states that a defendant is a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." As discussed above, Defendant pled guilty in the instant case to possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

5

Case No. 12-CR-00762-LHK-1
Case No. 16-CV-03603-LHK
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(C)(2)

(b)(1)(B)(viii), and was found to be a career offender based on two prior convictions for possessing controlled substances for sale in violation of California Health & Safety Code § 11351. *See* PSR ¶¶ 8, 9, 15; ECF No. 45 at 3. Thus, Defendant was found to be a career offender under U.S.S.G. § 4B1.1 because (1) "the instant offense of conviction"—possession with intent to distribute five grams or more of methamphetamine—was a "controlled substance offense"; and (2) Defendant had two prior convictions under California Health & Safety Code § 11351 that were also "controlled substance offense[s]." *See* PSR ¶ 15 (finding that Defendant's two prior convictions under California Health & Safety Code § 11351 were "controlled substance offenses"); ECF No. 45 at 3 (finding that Defendant was a career offender under U.S.S.G. § 4B1.1 because Defendant had "at least two prior drug trafficking offenses").

In turn, for the purposes of U.S.S.G. § 4B1.1, "controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibit the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). In addition to defining a completely different category of crimes than the ACCA's residual clause (drug trafficking offenses as opposed to violent offenses), this "controlled substance offense" definition bears little resemblance to the ACCA's residual clause. Again, the ACCA's residual clause defines a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Thus, because of the dissimilarities between the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) and the ACCA's residual clause, *Johnson*'s holding that the ACCA's residual clause is unconstitutionally vague has no bearing on whether Defendant's career offender designation—and thus Defendant's sentence—is valid. *See United States v. Givens*, 2017 WL 3269083, *4 n.5 (D. Nev. Aug. 1, 2017) (stating that "*Johnson* and its progeny have *not* affected [the "controlled substance"] portion of the career-offender definition"); *United States v. Soyoza-Cenin*, 2017 WL

1291993, *3 (E.D. Cal. Feb. 24, 2017) (stating that *Johnson* "is only relevant to offenses that could be deemed 'crimes of violence'" and therefore "*Johnson* is inapplicable to career offender enhancements that are based on controlled substance offenses"); *White v. United States*, 2016 WL 7229423, *4 (S.D. Cal. Dec. 4, 2016) ("Second, the [defendant's] Career Offender enhancement was based upon a 1994 state controlled substances conviction and a 2009 federal controlled substances conviction, both of which are proper predicates for Career Offender status and are unaffected by the Supreme Court's holding in *Johnson*."); *United States v. Silva*, 2016 WL 6248907, *3 (N.D. Cal. Oct. 26, 2016) ("The Supreme Court's decision in *Johnson* only affects which crimes can be considered crimes of violence. Therefore, even if Silva's prior non-drug conviction no longer qualifies as a crime of violence, his two prior controlled substance offenses still make him subject to the Career Offender Guideline."). In short, because Defendant's sentence does not rest upon anything like the ACCA's residual clause, *Johnson*'s invalidation of the ACCA's residual clause does not offer any grounds to vacate or modify Defendant's sentence.

### B. Section 3582(c)(2) Motion

In his § 3582(c)(2) motion, Defendant seeks to reduce his sentence in accordance with Amendment 782 to the U.S. Sentencing Guidelines. *See* ECF No. 34. Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced the offense level applicable to many drug trafficking offenses by two levels. *See United States v. Beasley*, 2014 WL 6694058, at *2 (N.D.Cal. Nov. 26, 2014). However, Defendant's total offense level, and in turn Defendant's range of imprisonment under the guidelines, was determined pursuant to the career offender provisions in U.S.S.G. § 4B1.1, not U.S.S.G. § 2D1.1. *See* PSR ¶¶ 15, 36. Thus, Amendment 782 did not affect Defendant's sentence.

Moreover, Defendant pled guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Rule 11(c)(1)(C) provides that the plea agreement may specify that an attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or

policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Thus, Rule 11(c)(1)(C) plea agreements are referred to as binding plea agreements. Defendant acknowledged the binding nature of his plea agreement in paragraph 6 of the agreement: "I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed-upon sentence set out below." ECF No. 27 ¶ 6.

Although Defendant's sentencing guideline range was 188 to 235 months, Defendant's binding plea agreement agreed to a 125 month sentence, which was 63 months (more than 5 years) to 110 months (more than 9 years) less than the guideline range. *Id.* ¶ 8. Judge Jensen sentenced Defendant to 125 months pursuant to the binding plea agreement. In his binding plea agreement, Defendant also waived his right to file a motion for a sentence reduction pursuant to 18 U.S.C. § 3582. Specifically, paragraph 5 of Defendant's binding plea agreement states that Defendant agreed "not to seek relief under 18 U.S.C. § 3582." *Id.* ¶ 5.

Thus, the Court denies Defendant's motion to reduce his sentence.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) are DENIED.

**IT IS SO ORDERED.**

Dated: December 14, 2017

LUCY H. KOH
United States District Judge

8
Case No. 12-CR-00762-LHK-1
Case No. 16-CV-03603-LHK
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(C)(2)